DAVID ZION & PATRICIA JOHNSON RAINES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zion v. Commissioner
Docket No. 22022-89
United States Tax Court
T.C. Memo 1991-119; 1991 Tax Ct. Memo LEXIS 132; 61 T.C.M. (CCH) 2178; T.C.M. (RIA) 91119; March 18, 1991, Filed *132 Decision will be entered for the respondent as to the deficiencies in tax and for the petitioners as to the additions to tax. Patricia Johnson Raines, pro se. David R. Cohen, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes ad additions to tax as follows: Addition to Tax - Section
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 716.00
$ 35.80
*
1987
855.00
42.75
**
*133 The issues presented for decision are: (1) Whether petitioners are entitled to three claimed dependency exemptions, and (2) whether the petitioners are liable for the additions to tax under section 6653(a)(1)(A) and (B). Petitioners, David Zion and Patricia Johnson Raines, resided in Margate, Florida, at the time the petition was filed in this case. On their joint 1986 and 1987 Federal income tax returns, petitioners claimed dependency exemptions for the three children of petitioner Patricia Johnson Raines (Mrs. Raines) by a prior marriage, Aimee Kristine Aronson, Jason Richard Aronson, and Brandon Karl Aronson (the children). On October 3, 1978, the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, (trial court) granted Mrs. Raines a divorce from Richard William Aronson (Mr. Aronson). According to the "Property Settlement Agreement" entered into by the parties on September 28, 1978, and incorporated into the divorce decree, Mrs. Raines was granted custody of the children. The agreement also provided that Mr. Aronson would: (1) pay $ 150.00 child support per month for each child, and (2) be entitled to the Federal income tax exemptions for the children. *134 Following the advice of her attorney, Mr. Brandon Douglas, Mrs. Raines sent Mr. Aronson a letter on December 29, 1984, stating that she planned to claim the children as dependents starting in 1984. During 1986 and 1987, Mr. Aronson paid a total of $ 5,320.68 and $ 4,518.80, respectively, for child support for the children. He claimed dependency exemptions for the children on his 1986 and 1987 returns. Respondent, in his statutory notice of deficiency, determined that petitioners are not entitled to claim dependency exemptions for the children. In addition, respondent determined that petitioners are liable for an addition to tax under section 6653(a)(1)(A) and (B). The determination of respondent, as contained in his statutory notice of deficiency, is presumed to be correct. Petitioners bear the burden of proving that respondent erred in his determination. ; Rule 142(a). The first issue for decision is whether petitioners are entitled to claim dependency exemptions for the children. Petitioners argue that since they paid more than half the children's support during 1986 and 1987, they are entitled to claim dependency *135 exemptions for the children. Section 152(e)(1) generally provides that if a child receives over half of his support from his parents who are divorced or legally separated, then the parent who has custody a greater portion of the year is entitled to claim that child as a dependent. Section 152(e)(2), however, provides an exception if the custodial parent signs a written declaration that the custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and the noncustodial parent attaches the written declaration to the noncustodial parent's return. A further exception is provided for in section 152(e)(4) for certain pre-1985 instruments. Section 152(e)(4)(A) provides that a child shall be treated as receiving over half of his support from the noncustodial parent if a qualified pre-1985 instrument between the parents provides that the noncustodial parent shall be entitled to any deduction allowed under section 151 and the noncustodial parent provides at least $ 600.00 dollars of support for such child during the calendar year. Section 152(e)(4)(A)(i) and (ii). In this case, Mrs. Raines, the custodial parent, signed a property settlement *136 agreement in 1978 stating that she would not claim the children as dependents. No evidence was presented indicating that this agreement was modified by the trial court. Moreover, Mr. Aronson, the noncustodial parent, paid in excess of $ 600.00 for child support for each of the three children during 1986 and 1987. Therefore, we find under section 152(e)(4) that petitioners are not entitled to claim dependency exemptions for the three children in 1986 and 1987. The final issue for decision is whether petitioners are liable for additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) provides for an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(1)(B) provides for an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proving that they were not negligent. *137 ; Rule 142(a). Based on the record, we find that petitioners were not negligent in claiming the dependency exemptions for the children. Petitioners in this case believed that they could claim dependency exemptions for the children by writing to Mr. Aronson. They had relied on an attorney's erroneous advice when they claimed the exemptions. Accordingly, we hold that petitioners are not liable for the additions to tax under section 6653(a)(1)(A) and (B). Decision will be entered for the respondent as to the deficiencies in tax and for the petitioners as to the additions to tax. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 716.00↩
**. 50% of the interest due on $ 855.00↩